# EXHIBIT A

# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
5/2/2025 11:08:18 AM
Clerk of the Superior Court
By G. Escorcia, Deputy Clerk

SAMVEL GESHGIAN, ESQ. (SBN 300470)
  sg@sggblaw.com
GOURGEN BABAYAN, ESQ. (SBN 314499)
  gb@sggblaw.com
**SGGB LAW FIRM, LLP**
16530 Ventura Boulevard, Suite 409
Encino, California 91436
Telephone: (818) 855-1018
Facsimile: (818) 474-0047

*Attorneys for Plaintiff,*
CRISTINA A MONTES DE OCA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| CRISTINA A. MONTES DE OCA, an individual,<br><br>                         Plaintiff,<br><br>     v.<br><br>HOLOGIC, INC., a Delaware Corporation; HOLOGIC SALES AND SERVICE, LLC, a Massachusetts limited liability company; and DOES 1 through 20, inclusive,<br><br>                         Defendants. | Case No.  25CU023090C<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>4. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.;**<br><br>5. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>6. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND**<br><br>7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND OVER $35,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW PLAINTIFF, CRISTINA A. MONTES DE OCA,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1. This Court is the proper court, and this action is properly filed in San Diego County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Diego County, and because the work that is the subject of this action was performed by Plaintiff in San Diego County.

## THE PARTIES

2. Plaintiff, CRISTINA A. MONTES DE OCA, is and at all times relevant hereto was a resident of the County of San Diego, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant HOLOGIC, INC. (hereinafter referred to as "HOLOGIC",) was and is a Delaware Corporation doing business at 10210 Genetic Center Dr., in the County of San Diego, State of California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant HOLOGIC SALES AND SERVICE, LLC (hereinafter referred to as "HOLOGIC SALES", "Defendant" or "Employers" interchangeably) was and is a Massachusetts limited liability company doing business at 10210 Genetic Center Dr., in the County of San Diego, State of California.

5. HOLOGIC and HOLOGIC SALES are collectively referred to hereinafter as "Employers", "Defendants" or "Hologic".

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a leading medical technology company specializing in women's health products and services including diagnostics, breast health, gynecological health, medical imaging systems and surgical products.

7. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d),

12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

8. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

10. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employers, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

11. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

12. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

13. Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department ("CRD"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYERS

14. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

15. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

   a. Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

   b. Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

   c. Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

   d. Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

   e. The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

16. Accordingly, Employers constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

17. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

18. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1-20 are the successors of one or more of the other Defendants, and are liable on that basis.

**FACTUAL ALLEGATIONS**

19.  On or about June 20, 2014, Employers hired Plaintiff through a staffing agency to work as a front lobby receptionist. Due to her exceptional performance, Plaintiff received several promotions over the course of her employment. On or about December 2016, Plaintiff was promoted to the role of a Legal Assistant for Intellectual Property. In or about April of 2019, Plaintiff received her second promotion to the role of a Service Contract Specialist I.  After a period of time working in this role, Plaintiff received her third and final promotion to the role of a Service Contract Specialist II.

20.  As a Service Contract Specialist, Plaintiff was responsible for managing service contracts, overseeing the diagnostic services department, mentoring junior staff and ensuring compliance with company policies and procedures.  Plaintiff was an exempt employee and performed her job duties satisfactorily until she was wrongfully terminated on or about March 14, 2024.

21.  During all periods relevant to this action, Plaintiff reported to her direct supervisor, Tracy Koetter.

22.  On or about September 27, 2022, Plaintiff suffered injuries to her neck, shoulders, back and chest in the course of performing her work duties. These injuries impaired Plaintiff's ability to perform the major life activity of working and therefore constituted a disability.

23.  After receiving medical treatment, on or about October 7, 2022, Plaintiff was diagnosed with moderate to severe nerve damage.

24.  On or about October 8, 2022, Plaintiff was released back to work on modified duties which required Plaintiff to take 15-minute breaks every 30 minutes and to minimize screen time.

25.  On or about October 8, 2022, Plaintiff communicated notice of her work restrictions to her supervisor Tracy Koetter, and to the Environmental Health and Safety team, Rodney Robinson and Shannon Mendoza. Plaintiff requested accommodation in the form of light duty work that complied with the doctor imposed work restrictions.

26.  Between October 8, 2022 and October 29, 2022, Plaintiff worked exclusively on the computer in direct violation of the work restriction which required that she minimize screen time.

27.  On or about October 29, 2022, Plaintiff contacted Rodney Robinson from the Environment Health & Safety Team advising him that her job responsibilities did not comply with the modified duties

imposed by her medical provider. She further informed Mr. Robinson that her medical condition has been further exacerbated by Employer's failure and refusal to provide reasonable accommodation. Plaintiff asked for an accommodation or light duty work that complied with the work restrictions.

28. Instead of providing light duty work or engaging in a good faith interactive process to determine what if any accommodations were available to Plaintiff, Employers placed Plaintiff on a leave of absence beginning on or about October 30, 2022.

29. From on or about October 30, 2022, to on or about March 2024, Plaintiff's medical leave of absence was extended by her medical providers. Plaintiff is informed and believes that her medical providers always kept Employers informed regarding Plaintiff's medical status.

30. On or about March 14, 2024, while Plaintiff was still on medical leave, Employers abruptly terminated Plaintiff's employment under the pretext that Plaintiff failed to timely submit her medical leave extension paperwork.

31. At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

32. At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

33. Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

34. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of

said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

35. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

36. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

37. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

38. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

39. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

40. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

41. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

42. FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, and to prevent discrimination and

harassment on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

43. Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

44. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

45. Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, failure to hire/re-hire, and termination, and was harmed thereby.

46. Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

47. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

48. The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

49. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

50. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS**

51. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

52. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

53. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

54. Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's disability, medical condition, real or perceived, and use of medical leave.

55. Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

56. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

57. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

58. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

59. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

60. The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

61. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

62. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

## IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST ALL DEFENDANTS

63. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

64. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

65. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

66. The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

67.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

68.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.

## AGAINST ALL DEFENDANTS

69.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

70.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them. Under the CFRA, it shall be an unlawful employment practice for any covered Employers to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition. Under the CFRA, it is also an unlawful employment practice for a covered Employers to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA. Under the CFRA, it is also an unlawful employment practice for an Employers to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

71.     At all times hereto, Plaintiff was an employee eligible for CFRA leave. At all times hereto, Plaintiff had been employed by Defendants for more than 12 months, and had worked at least 1250 hours during the previous 12 months. Further, Defendants employed at least 5 employees during

any 20 weeks within the calendar year in which Plaintiff requested and/or used CFRA leave or the calendar year prior.

72. Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

73. Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

74. Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

75. Plaintiff suffered the adverse employment actions of unlawful discrimination and termination.

76. Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

77. The above said acts of Defendants constitute violations of the CFRA, and were a proximate cause in Plaintiff's damage as stated below.

78. The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

79. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

80. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

81. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

82. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

83. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

84. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

85. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

86. The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

-14-
COMPLAINT FOR DAMAGES

87. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

88. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

89. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

90. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

91. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

92. Plaintiff reported the disability to Defendants and requested accommodation>, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation

to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

93. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

94. The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

95. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

96. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

97. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34, inclusive, as though set forth in full herein.

98. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from

discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

99.   At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

100.   Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

101.   Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

102.   The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

103.   At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave, or in violation of FEHA.

104.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

105.   The damage allegations of Paragraphs 35 through 38, inclusive, are herein incorporated by reference.

106.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, Employers matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

7. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

|   |   |
|---|---|
| 1 | 8. For statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than $750.00; |
| 3 | 9. For post-judgment interest; and |
| 4 | 10. For any other relief that is just and proper. |

DATED: May 2, 2025                                   **SGGB LAW FIRM, LLP**

By: _____
Samvel Geshgian, Esq.
Gourgen Babayan, Esq.
*Attorneys for Plaintiff*,
CRISTINA A MONTES DE OCA

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: May 2, 2025                                   **SGGB LAW FIRM, LLP**

By: _____
Samvel Geshgian, Esq.
Gourgen Babayan, Esq.
*Attorneys for Plaintiff*,
CRISTINA A MONTES DE OCA